## Marion Johnson et al. v. The State.

1. Call of Docket.—Article 1287 of the Revised Statutes provides that "all suits in which final judgment shall not have been rendered by default, as hereinbefore provided, shall be called for trial in the order in which they stand on the docket to which they belong, unless otherwise ordered by the court. *Held*, that this article applies as well to criminal as to civil cases.

2. Judgment Nisi — Case Stated.— The principal in a bail bond appeared according to its terms, and was placed upon his trial, but the jury failed to agree upon a verdict and was discharged. The court proceeded with the regular call of the docket, but before the call was completed recalled the case against the defendant, without previous order for its recall. He failing to appear, judgment *nisi* was entered against him and his sureties. *Held*, that the judgment *nisi* was without the authority of law and is void. See the opinion in *extenso* on the question.

Error from Denton County District Court. Tried below before the Hon. J. A. Carroll.

The opinion states the case. The judgment rendered was for $2,000.

*Stemmons & Field,* and *Payne & Payne,* for plaintiffs in error.

*H. Chilton,* Assistant Attorney General, for the State.

Hurt, J. This case is before us on petition for rehearing. The case presents this state of facts. Appellants were the sureties of one A. P. Johnson, who was indicted in the District Court of Denton county, charged with the offense of perjury. Their principal appeared at the time he was required by the terms of his bond, and was placed upon trial. The jury, failing to agree upon a verdict, was discharged and no further disposition was then made of the case. Johnson's case was numbered upon the docket at that term 1509; the last case on the docket was numbered 1724.

After the discharge of the jury the regular call of the

trial docket was proceeded with, and it disposed of up to and including case No. 1618, which was called and disposed of. The case of A. P. Johnson, No. 1509, was then called, and he failing to answer, a forfeiture of his bond was taken. The mistrial was had on the 22d day of September, 1879; the forfeiture was taken on the 9th day of October, 1879. Immediately following the forfeiture and judgment *nisi*, the call of the docket was regularly resumed and cases numbered 1633, 1650 and 1688 were on that day called and disposed of for the term, and the call of the docket was regularly proceeded with, the last case called during the term being number 1714.

Citation issued against the sureties to show cause why said judgment *nisi* should not be made final, and, among other defenses, they say that said judgment *nisi* was taken in violation of law in that the case of their principal was called out of its regular order, and said forfeiture was taken in violation of the law of the land.

The above history shows evidently that this case was called out of its regular·order. Article 1287 of the Revised Statutes provides that " all suits in which final judgment shall not have been rendered by default, as hereinbefore provided, shall be called for trial in the order in which they stand on the docket to which they belong, unless otherwise ordered by the court." There was no order by the court in relation to this case.

The question presented is: does the above article apply to criminal causes? We think so. To hold otherwise would be to convert the courts of the country into machines of oppression and deception by which the citizens could be ensnared and deprived of their property in violation of the law; and establishing this as a precedent would virtually determine that all parties under bond would be compelled to attend court during the whole term, or suffer the consequences of an hour's absence during the term.

We are of the opinion that the judgment *nisi* was taken without authority of law, and is void. The rehearing is granted, and upon the merits the judgment is reversed and the cause remanded.

*Reversed and remanded.*